# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

JEBAR CANNON,

           Defendant.

Case No. 19-CR-120-8-JPS

**ORDER**

## 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited April 18, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited April 18, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In November 2023, the United States Probation Office for the Eastern District of Wisconsin ("Probation") filed a memorandum in this case noting that the Court "could consider" reducing Defendant Jebar Cannon's ("Defendant") term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 598 at 2. Probation provides the Court with an updated Guidelines range that applies the Status Point Amendment. *Id.* For the reasons stated below, the Court will consider but ultimately reject the invitation to reduce Defendant's term of imprisonment pursuant to Amendment 821.

**2.    LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to some exceptions. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. Nevertheless, the Court declines to reduce Defendant's sentence under Amendment 821 because the sentence that the Court originally imposed fell below the Guidelines range at that time, and still falls below the updated Guidelines range. U.S.S.G. § 1B1.10(b)(2)(A). In other words, even if the Court is so authorized under an exception set forth in § 1B1.10(b)(2)(B) or (c), the Court declines to reduce Defendant's sentence under Amendment 821. *See also United States v. Davis*, No. 11-CR-63-PP-6, 2016 WL 1301163, at *3 (E.D. Wis. Apr. 1, 2016), *aff'd*, 669 F. App'x 785 (7th Cir. 2016) (citing *United States v. Salinas-Ospina*, 622 F. App'x 577, 578 (7th Cir. 2015)). Accordingly, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

3. **CONCLUSION**

The Court thanks Probation for its preparation of the memorandum regarding the interplay between Defendant's offense and sentence and Amendment 821. However, for the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821.

Accordingly,

**IT IS ORDERED** that the Court **DECLINES** to reduce Defendant Jebar Cannon's term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge